IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **LEE ANTHONY STANDBERRY** | § | |
| | § | |
| V. | § | A-14-CV-210-AWA |
| | § | (A-12-CR-131(1)-LY) |
| **UNITED STATES OF AMERICA** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Movant Lee Anthony Standberry's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 45) and the Government's Response (Dkt. No. 48). The undersigned magistrate judge submits this Report and Recommendation pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

**I. GENERAL BACKGROUND**

On April 3, 2012, Lee Anthony Standberry ("Standberry") was charged in a one count indictment with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Dkt. No. 1. Assistant Federal Public Defender William H. Ibbotson was appointed to represent Standberry. On May 22, 2012, Standberry, through his counsel, entered a plea of guilty to the one-count indictment before the undersigned. Dkt. No. 21. He did not enter into a plea agreement. *Id.* Among other things, during the plea colloquy, the Court informed Standberry that he could face a maximum of 10 years in prison if he pled guilty to being a felon in procession of a firearm. *Id.* The Court then

made a report and recommendation to the district judge recommending that he accept Standberry's guilty plea. Dkt. No. 22.

Thereafter, Judge Lee Yeakel issued an order setting Standberry's sentencing hearing for July 26, 2012. Dkt. No. 23. When the presentence report was completed, it became apparent for the first time that Standberry's criminal history might qualify him as an armed career criminal, thereby significantly increasing the maximum punishment he could receive, as well as requiring that he recive a mandatory minimum sentence of 15 years. As a result, a second plea colloquy was scheduled to admonish Standberry of this. Dkt. No. 24. That hearing was then reset, and on August 6, 2012, Standberry appeared before Magistrate Judge Mark Lane and the plea colloquy was repeated, with the additional sentencing parameters explained. Dkt. No. 40 at 14-16. In addition to explaining that if he was found to be an armed career criminal, he would be subject to a manadatory minimum sentence of 15 years of imprisonment, and a maximum of life, Judge Lane informed Standberry that the decision regarding whether he qualified for the higher sentencing range would be made by Judge Yeakel. *Id.* at 15. Thereafter, Judge Lane issued a supplemental report and recommendation, and again recommended that Judge Yeakel accept Standberry's guilty plea. Dkt. No. 32. On August 9, 2012, Standberry appeared before Judge Yeakel, who, at the outset of the sentencing proceeding, repeated the history of the two plea colloquys, and asked Standberry whether he wished to continue with his plea of guilty, and Standberry stated that he did. Dkt. No. 41 at 4. Judge Yeakel then stated that he accepted Standberry's plea and found him guilty. *Id.* At the sentencing hearing, Judge Yeakel found that Standberry was in fact an armed career criminal, *id.* at 19-20, and sentenced him to 180 months of imprisonment, five years of supervised release, and a $100 special assessment., *id.* at 27-28.

On August 13, 2012, Standberry filed a notice of appeal to the Fifth Circuit, challenging whether evading arrest with a vehicle was a qualifying "violent felony" for purposes of the ACCA. The Fifth Circuit rejected his argument, and affirmed the judgment. Dkt. No. 43. On September 16, 2012, Standberry petitioned for certiorari to the United States Supreme Court, which was denied. Dkt. No. 44. On March 10, 2014, Standberry filed this Motion to Vacate pursuant to 28 U.S.C. § 2255, claiming: (1) that he was convicted twice for the same offense in violation of the Double Jeopardy Clause; and (2) his counsel was ineffective for not arguing that he had been subjected to double jeopardy.

## II. STANDARD OF REVIEW

Under § 2255, four general grounds exist upon which a defendant may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under § 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If the error is not of constitutional or jurisdictional magnitude, then the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). As the Supreme Court has

explained, the reason for these rules is that "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

Defendants have a constitutional right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984). Ineffective assistance of counsel claims are properly brought as § 2255 motions. *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). In order to succeed on an ineffective assistance of counsel claim, a petitioner must prove that (1) her "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687 (1984). Both prongs must be satisfied under the conjunctive *Strickland* test. *Id*. In determining whether performance was deficient, counsel's actions are judged by a "reasonableness" standard, with prevailing professional norms serving as "guides to determine what is reasonable." *Id*. at 688

To demonstrate the prejudice prong, a petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane*, 178 F.3d at 312. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "However, the mere possibility of a different outcome is not sufficient to prevail on the prejudice prong. Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Crane*, 178 F.3d at 312–313 (quoting *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997)). This same two-part standard applies to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Therefore, the movant must prove that a reasonable probability exists that but for his counsel's ineffectiveness, he "would not have pleaded guilty and would have insisted on going to trial." *Czere v. Butler*, 833 F.2d 59, 63 (5th Cir. 1987).

## III. ANALYSIS

Standberry's § 2255 argument rests on a claimed violation of his Fifth and Sixth Amendment rights. Specifically, as mentioned above, Standberry claims that the fact that he had two plea colloquys violated the Double Jeopardy clause, and that his attorney's failure to raise a double jeopardy objection amounted to ineffective assistance of counsel. This argument has no merit. In the context of a guilty plea, jeopardy does not attach until the plea is accepted by the court. *Fransaw v. Lynaugh*, 810 F.2d 518, 523 (5th Cir. 1987) ( "[j]eopardy attaches with the acceptance of a guilty plea"); *see also Kercheval v. United States*, 274 U.S. 220, 223 (1927) (acceptance of an unconditional plea "is itself a conviction"). Standberry made only one guilty plea to one crime (though he had two plea colloquys), and that plea was accepted only once.

Standberry appears to argue that initial jeopardy attached at his May 22, 2012, plea hearing before the undersigned, and double jeopardy attached at his August 6, 2012, supplemental colloquy before Judge Lane. It did not. At each plea colloquy, the magistrate judge merely *heard,* but did not accept, Standberry's plea. This is apparent from the transcripts of the two colloquys. The undersigned informed Standberry that he would "recommend to the district judge[ ] that your plea[ ] of guilty be accepted," Dkt. No. 39 at 34, and Judge Lane informed Standberry that he was "going to recommend to the district judge . . . that he accept your guilty plea[ ]," Dkt. No. 40 at 32-33. After each of the colloquys, this was made explicit with a written Report and Recommendation being filed by each magistrate judge and served on Standberry, in which each magistrate judge recommended that Standberry's plea be accepted. Dkt. Nos. 22, 32. Finally, in open court at the commencement of the sentencing hearing, Judge Yeakel—for the first and only time—accepted Standberry's plea, after confirming that Standberry wished to continue with the plea. Dkt. No. 41

at 4. Only then did jeopardy attach. Since jeopardy did not attach until this time, and Standberry was convicted of a single offense as a result, Standberry was never subjected to double jeopardy.

As a result, the failure of Standberry's counsel to raise a double jeopardy argument was not ineffective assistance of counsel. Counsel need not make meritless arguments, and the double jeopardy objection Standberry relies on lacks merit. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (failure to raise a meritless argument "cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue"). Therefore, he has failed to show his counsel was ineffective.

## V. RECOMMENDATION

In accordance with the preceding discussion, the undersigned **RECOMMENDS** that the District Court **DENY** Standberry's Motion to Vacate, Set Aside, or Correct Sentence (Dkt. No. 45).

## VI. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, effective as amended to February 1, 2010, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of the movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, a certificate of appealability shall not be issued.

## VII. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 8th day of December, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE